UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON VALDES, on his own behalf
and on behalf of those similarly situated,

    Plaintiff,

vs.	CASE NO.:

PROSPECT OF TAMPA, LTD., CO., a
Florida Corporation and SCOTT
MUCKLOW, individually,

    Defendants.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AARON VALDES, on his own behalf and on behalf of those similarly situated ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant, PROSPECT OF TAMPA, LTD., CO. ("PROSPECT"), a Florida corporation, and SCOTT MUCKLOW ("MUCKLOW"), individually ("Defendants"), and states as follows:

### JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## PARTIES

3. At all times material to this action, Plaintiff, AARON VALDES, was, and continues to be, a resident of Hillsborough County, Florida.

4. At all times material to this action, PROSPECT, was, and continues to be, a Florida corporation. Further, at all times material to this action, PROSPECT, was, and continues to be, engaged in business in Florida, in, among others, Hillsborough County, Florida.

5. At all times material hereto, Defendant, MUCKLOW, was an individual resident of the State of Florida, who was Plaintiff's supervisor and manager at PROSPECT, and who regularly exercised the authority to: (a) hire and fire employees of PROSPECT; (b) determine the work schedules for the employees of PROSPECT; and (c) control the finances and operations of PROSPECT through determining employee rates of pay.

6. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

8. At all times material to this action, Defendants, PROSPECT and MUCKLOW, were Plaintiff's "employers" within the meaning of the FLSA.

9. Defendants, PROSPECT and MUCKLOW, were, and continue to be "employers" within the meaning of the FLSA.

10. At all times material to this action, Defendant, PROSPECT, was, and continues to be, an "enterprise engaged in commerce" or an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant, PROSPECT, was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material to this action, Defendant, PROSPECT, had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

13. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that:

    a. Plaintiff operated instrumentalities of commerce in handling customers and baggage at the Tampa airport;

    b. Plaintiff used channels of commerce in handling customers and baggage at the Tampa airport;

    c. The products and materials that plaintiff used on a constant and continual basis, which were supplied to him by his employer to use on the job, moved through interstate commerce; and/or

    d. Plaintiff performed work essential to any of the preceding activities in handling customers and baggage at the Tampa airport.

14. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by the Defendant.

## STATEMENT OF FACTS

15. On or about May 28, 2011, Defendants hired Plaintiff to work as a non-exempt hourly-paid "skycap" for Defendants' company. Plaintiff was employed by Defendants in this position through on or about June 28, 2013.

16. Plaintiff's job duties included, but were not limited to assisting passengers and their luggage through the airport.

17. At various material times, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

18. From at least May 28, 2011, and continuing through June 28, 2013, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek. This time included, but was not limited to lunch breaks deducted, but not taken.

19. Further, Plaintiff's supervisor, Defendant MUCKLOW regularly and systematically prevented Plaintiff from recording all of his hours worked under his own name so that Plaintiff would not be able to record any overtime hours. Specifically, Defendant MUCKLOW required Plaintiff to sign in under other employees' names when he worked many hours over forty in a workweek. Thus, Plaintiff was not compensated at a rate of time and one half his regular rate for overtime hours worked.

20. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate of pay for those hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

21. Further, during one or more workweeks between May 28, 2011, and continuing through June 28, 2013, Defendants failed to compensate Plaintiff at the applicable federal minimum wage for all hours worked in each workweek as required by the FLSA. Specifically, Defendants paid Plaintiff $7.00 per hour in many workweeks, thereby paying Plaintiff less than minimum wage for all hours worked.

22. To the extent Defendants may claim they paid Plaintiff less than minimum wage pursuant to a "tip credit," Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA and did not give proper notice required by 29 U.S.C. §203(m) for "tip credit."

23. The additional persons who may become plaintiffs in this action are employees who held positions similar to Plaintiff and who were not paid proper minimum wage for each hour they worked for Defendants and/or who were not paid proper overtime compensation for each hour over forty (40) worked in a single work week due to the unlawful practices described in paragraphs 18, 19, 21 and 22 above.

24. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

25. Defendants have violated Title 29 U.S.C. §206 from at least May 28, 2011, and continuing through June 28, 2013, in that:

    a. They have failed to pay Plaintiff proper minimum wage for all of his hours worked for Defendants as required by the FLSA;

      b.     No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff and similarly situated employees at the statutory minimum wage for each hour worked as provided by the FLSA; and

      c.     Defendants have failed to maintain proper time records as mandated by the FLSA.

26.    Defendants have violated Title 29 U.S.C. §207 from at least May 28, 2011, and continuing through June 28, 2013, in that:

      a.     Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;

      b.     No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for each hour worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

      c.     Defendants have failed to maintain proper time records as mandated by the FLSA.

27.    At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than the applicable minimum wage for one or more hours worked.

28. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than one and one-half times their regular rate for each hour worked in excess of forty (40) hours per workweek for one or more weeks of work.

29. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wage and/or overtime compensation for one or more weeks of work with Defendants.

30. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

31. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

32. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

33. Plaintiff re-alleges and incorporates paragraphs 1 through 32 of the Complaint, as if fully set forth herein.

34. From at least May 28, 2011, and continuing through June 28, 2013, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

35. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

36. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

37. Defendants' actions were willful and/or showed reckless disregard for the provisions of FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

38. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

39. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

40. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

41. Based upon information and belief, employees and former employees of Defendants similarly situated to Plaintiff were also not paid proper overtime for their hours worked in excess of forty (40) in a workweek, due to the unlawful practices described herein.

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## UNPAID MINIMUM WAGE

42. Plaintiff re-alleges and incorporates paragraphs 1 through 32 of the Complaint, as if fully set forth herein.

43. Plaintiff was entitled to be paid minimum wage for each hour worked during his employment with Defendants.

44. Defendants failed to pay Plaintiff, and those similarly situated to Plaintiff, minimum wage for each hour worked. Specifically, Defendants paid Plaintiff $7.00 per hour, thereby paying Plaintiff less than minimum wage for all hours worked.

45. Defendants had specific knowledge that they were paying sub-minimum wage to Plaintiff and other similarly-situated employees, but still failed to pay Plaintiff at least minimum wage for all his hours worked.

46. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA and did not give proper notice required by 29 U.S.C. §203(m) for tip credit.

47. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

48. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

49. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

50. Based upon information and belief, employees and former employees of Defendants similarly situated to Plaintiff were also not paid proper minimum wage for hours worked during their employment with Defendants, due to the unlawful employment practices described herein.

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 28th day of October, 2013.

Respectfully Submitted,

ANGELI MURTHY, ESQUIRE
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-424-8317
E-mail: Amurthy@forthepeople.com

*Trial Attorney for Plaintiffs*

## VERIFICATION

I hereby verify under penalties of perjury that I have reviewed the factual allegations of the foregoing Verified Complaint and Demand for Jury Trial and know them to be true and correct.

AARON VALDES,

By: _Aaron [signature]_

Printed: Aaron Valdes

Title:_____

Dated: October 15th, 2013