UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON VALDES, on his own behalf
and on behalf of those similarly-situated,

      Plaintiff,

v.                                    Case No.:   **8:13-cv-2818-EAK-EAJ**

PROSPECT OF TAMPA, LTD., CO., a Florida
corporation, and SCOTT MUCKLOW,
individually,

      Defendants.
_____/

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Prospect of Tampa, Ltd., Co. and Scott Mucklow (collectively "Defendants") respond to the Complaint filed by Plaintiff Aaron Valdes, individually and on behalf of those similarly-situated ("Plaintiff") as follows:

1. Defendants admit that Plaintiff has brought an action under the Fair Labor Standards Act ("FLSA"). Defendants deny that Plaintiff, or any other similarly-situated individuals, has any legitimate claims for any violation of the FLSA or any other law.

2. Defendants admit that this matter is within the jurisdiction of this Court and that venue is proper. Defendants deny the remaining allegations of Paragraph No. 2 of the Complaint.

3. Defendants admit the allegations of Paragraph No. 3 of the Complaint.

4. Defendants admit only that Defendant Prospect of Tampa, Ltd. Co. is a Florida corporation engaged in business in Hillsborough County, Florida and deny the remaining allegations of Paragraph No. 4 of the Complaint.

5. Defendants admit only that Defendant Mucklow is an individual resident of the State of Florida, who was the Plaintiff's manager at Prospect of Tampa, Ltd. Co., and who regularly exercised the authority to: (a) hire and fire employees of Prospect of Tampa. Ltd. Co. and (b) determine the work schedules for the employees of Prospect of Tampa, Ltd. Co. Defendants deny the remaining allegations of Paragraph No. 5 of the Complaint.

6. Prospect of Tampa, Ltd. Co. admits only that, as relates to the payment of Plaintiff's wages and those similarly-situated, it is subject to the minimum wage requirements of the FLSA and denies the remaining allegations of Paragraph No. 6 of the Complaint.

7. Prospect of Tampa, Ltd. Co. admits only that, as relates to the payment of Plaintiff's wages and those similarly-situated, it is subject to the minimum wage requirements of the FLSA and denies the remaining allegations of Paragraph No. 7 of the Complaint

8. Prospect of Tampa, Ltd. Co. admits only that, as relates to the payment of Plaintiff's wages and those similarly-situated, it is subject to the minimum wage requirements of the FLSA and denies the remaining allegations of Paragraph No. 8 of the Complaint

9. Prospect of Tampa, Ltd. Co. admits only that, as relates to the payment of Plaintiff's wages and those similarly-situated, it is subject to the minimum wage requirements of the FLSA and denies the remaining allegations of Paragraph No. 9 of the Complaint

10. Prospect of Tampa, Ltd. Co. admits only that, as relates to the payment of Plaintiff's wages and those similarly-situated, it is subject to the minimum wage requirements of the FLSA and denies the remaining allegations of Paragraph No. 10 of the Complaint

11. Prospect of Tampa, Ltd. Co. admits only that, as relates to the payment of Plaintiff's wages and those similarly-situated, it is subject to the minimum wage requirements of the FLSA and the statutes of limitations related to minimum wage claims and denies the remaining allegations of Paragraph No. 11 of the Complaint

12. Prospect of Tampa, Ltd. Co. admits only that, as relates to the payment of Plaintiff's wages and those similarly-situated, it is subject to the minimum wage requirements of the FLSA and denies the remaining allegations of Paragraph No. 12 of the Complaint

13. Prospect of Tampa, Ltd. Co. admits only that, as relates to the payment of Plaintiff's wages and those similarly-situated, it is subject to the minimum wage requirements of the FLSA and denies the remaining allegations of Paragraph No. 13 of the Complaint.

14. Prospect of Tampa, Ltd. Co. admits only that, as relates to the payment of Plaintiff's wages and those similarly-situated, it is subject to the minimum wage requirements of the FLSA and denies the remaining allegations of Paragraph No. 14 of the Complaint

15. Defendants admit that Plaintiff was employed at Prospect of Tampa, Ltd., Co. from approximately May 28, 2011 until June 28, 2013. Because Defendants are exempt from paying overtime pursuant to a derivative exemption under the Railway

Labor Act ("RLA"), Defendants deny the remaining allegations of Paragraph No. 15 of the Complaint.

16. Defendants admit the allegations of Paragraph No. 16 of the Complaint.

17. Defendants deny the allegations of Paragraph No. 17 of the Complaint.

18. Defendants deny the allegations of Paragraph No. 18 of the Complaint.

19. Defendants deny the allegations of Paragraph No. 19 of the Complaint.

20. Defendants deny the allegations of Paragraph No. 20 of the Complaint.

21. Defendants deny the allegations of Paragraph No. 21 of the Complaint.

22. Defendants deny the allegations of Paragraph No. 22 of the Complaint.

23. Defendants deny the allegations of Paragraph No. 23 of the Complaint.

24. Defendants admit that they maintain all necessary records required by applicable law. Defendants deny the remaining allegations of Paragraph No. 24 of the Complaint.

25. Defendants deny the allegations of Paragraph No. 25 of the Complaint.

26. Defendants deny the allegations of Paragraph No. 26 of the Complaint.

27. Defendants deny the allegations of Paragraph No. 27 of the Complaint.

28. Defendants deny the allegations of Paragraph No. 28 of the Complaint.

29. Defendants deny the allegations of Paragraph No. 29 of the Complaint.

30. Defendants deny the allegations of Paragraph No. 30 of the Complaint.

31. Defendants deny the allegations of Paragraph No. 31 of the Complaint.

32. Defendants have insufficient information or knowledge to respond to the allegations of Paragraph No. 32 of the Complaint.

## COUNT I – OVERTIME COMPENSATION

33. Defendants reallege and incorporate all allegations of paragraphs 1 through 32 as if fully set forth herein.

34. Defendants deny the allegations of Paragraph No. 34 of the Complaint.

35. Defendants deny the allegations of Paragraph No. 35 of the Complaint.

36. Defendants deny the allegations of Paragraph No. 36 of the Complaint.

37. Defendants deny the allegations of Paragraph No. 37 of the Complaint.

38. Defendants deny the allegations of Paragraph No. 38 of the Complaint.

39. Defendants deny the allegations of Paragraph No. 39 of the Complaint.

40. Defendants deny the allegations of Paragraph No. 40 of the Complaint.

41. Defendants deny the allegations of Paragraph No. 41 of the Complaint. Defendants also deny the allegations in the WHEREFORE clause following Paragraph No. 41 of the Complaint.

## COUNT II – UNPAID MINIMUM WAGES

42. Defendants reallege and incorporate all allegations of paragraphs 1 through 32 as if fully set forth herein.

43. Defendants admit that Plaintiff was entitled to be paid minimum wage for each hour worked during his employment. Defendants deny that Plaintiff was not properly compensated for all the hours he worked on behalf of Prospect of Tampa, Ltd., Co.

44. Defendants deny the allegations of Paragraph No. 44 of the Complaint.

45. Defendants deny the allegations of Paragraph No. 45 of the Complaint.

46. Defendants deny the allegations of Paragraph No. 46 of the Complaint.

47. Defendants deny the allegations of Paragraph No. 47 of the Complaint.

48. Defendants admit that they maintain all necessary records required by applicable law. Defendants deny the remaining allegations of Paragraph No. 48 of the Complaint.

49. Defendants deny the allegations of Paragraph No. 49 of the Complaint.

50. Defendants deny the allegations of Paragraph No. 50 of the Complaint. Defendants also deny the allegations in the WHEREFORE clause following Paragraph No. 50 of the Complaint.

## JURY TRIAL DEMAND

Defendants acknowledge that Plaintiff has demanded a jury trial. Defendants deny that Plaintiff is entitled to any judgment, damages, or relief requested and further, to the extent any similarly-situated members have signed jury trial waivers in connection with their employment with Prospect of Tampa, Ltd, Co., any demand for jury trial is waived and should be stricken.

**Defendants deny all allegations not specifically admitted above.**

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted because, among other reasons, Plaintiff was paid all wages due pursuant to the FLSA.

### SECOND DEFENSE

Defendants are exempt from federal overtime requirements as a derivative air carrier under the RLA.

## THIRD DEFENSE

Even if Plaintiff was subject to the FLSA, he was paid in compliance with 29 U.S.C. § 207 and all other provisions of the law.

## FOURTH DEFENSE

Even if Plaintiff was owed overtime compensation, which Defendants deny, the amount of compensation owed would be *de minimis* and therefore not subject to payment under the FLSA.

## FIFTH DEFENSE

To the extent that discovery reveals that Plaintiff falsely reported his hours, there is no evidence that Defendants required the false reporting of hours and no evidence that Defendants knew or should have known that Plaintiff was providing false information as to his hours. Defendants hereby invoke the doctrine of estoppel and of unclean hands to bar Plaintiff's claims.

## SIXTH DEFENSE

Plaintiff has failed to mitigate his damages.

## SEVENTH DEFENSE

As applied to Plaintiff's claims for overtime, his claims under the FLSA are preempted by the RLA.

## EIGHTH DEFENSE

Plaintiff waived and/or is estopped from asserting claims to the extent that they are based on an alleged failure to pay wages, if he did not timely advise Defendants of any alleged mistakes in payment, underpayments, or failure by Defendants to adhere to the agreed upon compensation, or because he has already received all of the compensation to which he is entitled.

**NINTH DEFENSE**

Even if Plaintiff was subject to the FLSA, Defendants' actions with respect to Plaintiff were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. §§ 259.

**TENTH DEFENSE**

Even if Plaintiff was subject to the FLSA, Defendants' actions with respect to Plaintiff were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA pursuant to 29 U.S.C. § 260.

**ELEVENTH DEFENSE**

Even if Plaintiff was subject to the FLSA, Defendants acted in good faith and had reasonable grounds for believing that the actions were not violative of the FLSA and any claims of willful violations or for a three-year limitations period or for liquidated damages should be dismissed.

**TWELFTH DEFENSE**

Further, and in the alternative if necessary, Defendants state that the claims for liquidated damages and interest are barred to the extent that these forms of relief are duplicative of each other.

**THIRTEENTH DEFENSE**

Even if Plaintiff was subject to the FLSA, Defendants are not subject to liability under the FLSA for any alleged failure to pay overtime compensation for either "preliminary or postliminary activities" or for "walking, riding, or traveling to and from

the actual place of performance of the principal activity or activities which such employee is employed to perform," in accordance with 29 U.S.C. § 254.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he seeks compensation for work other than compensable working time.

### FIFTEENTH DEFENSE

Defendants are entitled to a set-off with respect to any monies paid to Plaintiff for any hours when Plaintiff was not performing work for Prospect of Tampa, Ltd., Co.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred to the extent that they were not filed within the applicable limitations period under the FLSA. If the lawsuit is permitted to proceed as a collective action, the applicable statute of limitations bars in whole or in part any claims, causes of action, and damages alleged in the complaint occurring more than two years prior to the filing of each opted-in plaintiff's consent to join this lawsuit.

### SEVENTEENTH DEFENSE

The type of claims Plaintiff seeks to bring as a collective action are matters on which individual issues predominate and are not appropriate for collective treatment.

### EIGHTEENTH DEFENSE

Plaintiff's claims are not similar, common, or typical to those of the alleged similarly-situated individuals, and there is no basis in law or fact for a collective action.

### NINETEENTH DEFENSE

Plaintiff lacks standing to raise the claims he seeks to bring as a collective action.

### TWENTIETH DEFENSE

Plaintiff cannot satisfy his burden of demonstrating a reasonable basis for

9

crediting his assertions that aggrieved individuals exist in the class that he proposes to represent on a collective basis given that too few potential opt-in plaintiffs exist in the statutory limitations period. *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983).

## TWENTY-FIRST DEFENSE

To the extent any potential opt-in putative class member signed a class/collective action waiver, that individual is precluded from joining this action and any claims, other than those on an individual basis, are barred.

## RESERVATION OF RIGHTS

Defendants hereby give notice that they intend to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and, thus, reserve the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Defenses.

WHEREFORE, having fully answered and responded to the allegations in Plaintiff's Complaint, Defendants respectfully request:

    a.    Plaintiff's claims be stricken or dismissed with prejudice in their entirety;

    b.    Each and every prayer for relief in Plaintiff's Complaint be denied;

    c.    Judgment be entered in favor of Defendants;

    d.    All costs and reasonable attorneys' fees be awarded to Defendants and against Plaintiff; and

    e.    Defendants be granted such other and further relief as this Court deems just and appropriate.

FORDHARRISON LLP

By: /s/ Tracey K. Jaensch
Tracey K. Jaensch
Florida Bar No. 907057
tjaensch@fordharrison.com
Andrew R. Lincoln
Florida Bar No. 69588
dlincoln@fordharrison.com

For the Firm

101 E. Kennedy Boulevard, Suite 900
Tampa, Florida  33602-5133
Telephone:  (813) 261-7800
Facsimile:  (813) 261-7899
Attorneys for Defendants

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2013, I electronically filed the foregoing Answer and Defenses with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Angeli Murthy
Email: amurthy@forthepeople.com
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, Florida 33324

/s/ Tracey K. Jaensch
Attorney

TAMPA:350467.1